NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHALOS TYLER GATES, *Appellant.*

No. 1 CA-CR 18-0217
FILED 8-15-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-005684-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Nichalos Tyler Gates has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Gates was convicted of one count of burglary in the third degree, a class 4 felony. Gates was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Gates's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Gates. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). One day in March 2017, Phoenix Police Department Detective Ty Packer was in an unmarked police car when he observed an individual run out into the street and get into a parked gold Lincoln Navigator, which then slowly drove away. Detective Packer then moved his car to another area of the street and shortly thereafter observed again in his rearview mirror the Navigator approach from behind him. As the Navigator approached, Detective Packer positioned himself inside his car so as not to be seen. After the Navigator drove away, Detective Packer peered through the car window and saw an individual approach a house and knock on the door several times while constantly looking around.

¶3        The individual eventually stopped knocking on the door and walked out of Detective Packer's view. After losing sight of the individual, Detective Packer heard dogs barking and consequently repositioned his car so that he could see the alley behind the home. As Detective Packer watched the alley, he saw three individuals—including the individual who had been knocking on the door of the home—jump over a block wall separating the home's backyard from the alley and then drive off in the Navigator. The

other two individuals were later identified as Gates and Gates's co-defendant, J.S.

¶4 Believing that a burglary had just occurred, Detective Packer radioed for a marked unit to make a traffic stop of the Navigator. Before the officer in the marked police car could make the stop, however, Gates, J.S., and the third individual jumped out of the Navigator and fled the area. Following a brief foot chase, Detective Packer and Officer Gerald Happeny caught the three individuals and took them into custody.

¶5 A grand jury later indicted Gates for one count of burglary in the third degree. At trial, Officer Happeny testified that he discovered a glass-breaking device during a pat-down of J.S. J.C., the victim and homeowner, testified that when he arrived home after the incident, he discovered damage to his bedroom window. J.C. also stated that he did not know Gates or his co-defendant and that he did not give them permission to be in his yard the day of incident.

¶6 The jury found Gates guilty as charged. The jury also found that the State proved, as aggravating factors, that the offense was committed in the presence of an accomplice, that the offense was committed while Gates was on probation, and that the offense was committed with the expectation of pecuniary gain. The trial court conducted the sentencing hearing in compliance with Gates's constitutional rights and Arizona Rule of Criminal Procedure 26. At sentencing, the court found that Gates had four prior felony convictions, which placed him in category three of the repetitive sentencing scheme. The court sentenced Gates to a maximum term of 12 years' imprisonment for burglary in the third degree with 390 days' presentence incarceration credit. The court also found that probation was no longer appropriate for Gates's 2013 prior conviction and it therefore revoked Gates's probation and sentenced him to a presumptive term of 1.5 years' imprisonment with 102 days' presentence incarceration credit. The court ordered the terms to run consecutively. Gates timely appealed.

**DISCUSSION**

¶7 We review Gates's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Gates has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So

far as the record reveals, counsel represented Gates at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Gates's conviction and sentence.

¶8        Upon the filing of this decision, defense counsel shall inform Gates of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Gates shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶9        For the foregoing reasons, we affirm.

